IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. SAG-24-0120 |
| HAROLD DORMAN | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO SUPPRESS EVIDENCE OBTAINED
AS A RESULT OF EXECUTION OF CERTAIN WARRANTS**

The Defendant, Harold Dorman, through counsel, Christopher C. Nieto, Nieto Law Office, hereby respectfully moves this Honorable Court, to suppress evidence obtained from the execution of certain warrants, and as grounds for the motion alleges the following:

1. The defendant is charged in a three-count indictment with conspiring to commit pharmacy burglaries, pharmacy burglary and possession with intent to distribute controlled substances, in violation of 18 U.S.C. §2118(d), 18 U.S.C. §2118(b), and 21 U.S.C. §846. Trial in this matter is currently scheduled for October 27, 2025.

2. In January of 2022, members of the Albermarle County Police Department, along with multiple other jurisdictions across Virginia, Maryland and Pennsylvania, began investigating a string of pharmacy robberies in the area. The investigation led to the issuance of various warrants by the Circuit Court of Albermarle County for the real-time location data for phone numbers 240-524-0022 and 202-440-3164 that police believed were used by the individuals involved in the burglaries.

3. Specifically, on March 7, 2022, police obtained separate search warrants for the real-time location data for phone numbers 202-440-3164, purportedly used by William Sherod, and 240-

–1–

524-0022, purportedly used by Harold Dorman. *See Exhibits 1 & 2*. On April 6, 2022, these two warrants were extended for an additional thirty days. *See Exhibits 3 & 4.*

4.  When Albemarle County law enforcement submitted their warrant applications in April to extend the March warrants another 30 days, the affidavits in support were lacking any substantial information in support of this continued search of these phones. The affiant copied the affidavit word-for-word from the March application but added an extra sentence to the end of his affidavit: "Although the investigation is obtaining results, a 30-day extension to this search warrant is required due to the magnitude of the investigation, in order to continue to further it towards completion."

5.  This vague, cursory statement is insufficient to establish that the original March warrant was indeed "obtaining results" enough to warrant an additional 30-day extension. The affiant gives the issuing judge no new information about what has occurred during the past 30 days of surveillance or why it would be necessary to continue this intrusive search of these phones. This April warrant lacks the requisite probable cause within the four corners of the affidavit to establish a legal basis for this continued intrusion.

6.  The Fourth Amendment requires that no search warrant shall be issued without probable cause. The test for determining probable cause is whether the facts presented to a judicial officer establish a "fair probability that contraband or evidence of a crime will be found in a particular place." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). Probable cause means "more than bare suspicion." See <u>Brinegar v. United States</u>, 338 U.S. 160, 175 (1949). It exists only where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy

information are sufficient to warrant a person of reasonable caution in the belief that criminal evidence will be discovered in the place to be searched. Gates, at 238.

7.  In evaluating the legality of the challenged warrant, this Court must determine whether there is substantial evidence in the record to support the judge's decision to issue the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984). Despite this deferential standard governing warrant evaluation, it has been said that this "deference . . . is not boundless." Leon v. United States, 468 U.S. 897, 914 (1984). Warrants should not be upheld when they are based on objectively unreasonable grounds for believing the warrant is valid. Gates, 462 U.S. at 236. It is also hornbook law that this Court is limited to reviewing only what was actually presented to the issuing Judge to determine if a substantial basis existed to issue the warrant in question. See Whiteley v. Warden, 401 U.S. 560, 564-65, n.8 (1971) ("[A]n otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by the Affiant when he sought the warrant but not disclosed to the issuing magistrate."); Owens v. Lott, 372 F.3d 267, 277 (4th Cir. 2004)("Our review of whether the search warrant was supported by probable cause -in other words, a review of the facts upon which the issuing magistrate relied -- may not go beyond the information actually presented to the magistrate during the warrant application process.") Accordingly, the information contained within the "four corners" of the affidavit submitted to the judge on April 6, 2022 is the sole evidence the Court must consider as it determines if a substantial basis existed to issue the challenged search warrant.

8.  Additionally, each of the March and April warrants state clearly that AT&T and Verizon were required by the Commonwealth of Virginia to provide the real-time location data for

these two phones to a member of the Albemarle County police department only[1]. However, rather than abide by the parameters of this warrant, the phone companies subsequently provided this real-time location data to various law enforcement agencies outside of Albemarle County. This unlawfully exceeded the scope of the warrants and runs afoul of the permission sought and granted by the Circuit Court Judge.

9. "When an official search is properly authorized" by warrant, "the scope of the search is limited by the terms of its authorization." *Walter v. United States*, 447 U.S. 649, 656 (1980). Since the warrant authorized AT&T and Verizon to send location pings only to "any policeman of . . . Albemarle County," each provider acted outside the authorization of the warrant by sending the location pings to law enforcement of other jurisdictions.

10. Now armed with this impermissibly obtained real-time location data, law enforcement outside of Albemarle County began utilizing this data in support of various other warrants, such as real-time tracking warrants for co-defendant Sherod's 2021 Hyundai Sonata and Dorman's 2021 Toyota Corolla. *See Exhibits 5 & 6*. Indeed, in these tracking warrant affidavits, the affiant references Howard County Police Department and other law enforcement agencies' review of the phones' real-time locations and the associated data in support of obtaining warrants. The use of this illegally obtained data renders those warrants invalid as well, as the application of the fruit-of-the-poisonous-tree doctrine would also exclude this evidence from being admissible at trial[2].

---

1 Despite a section at the top of the warrant to carve out a request for the phone company to provide this information to any member of law enforcement investigating these burglaries, the affiant or judge did not select that option.
2 If not wholly excludable, the Court may excise the contaminated portions of the affidavits that contain excluded evidence and then determine if sufficient probable cause still exists for that specific warrant.

**WHEREFORE**, based on the aforesaid grounds, it is respectfully requested that this Honorable Court suppress any and all evidence seized as a result of the issuance and execution of the real-time location data warrants.

Respectfully submitted,

_____/s/_____
CHRISTOPHER C. NIETO, #30031
Nieto Law Office
233 East Redwood Street, Suite 1000C
Baltimore, Maryland 21202
Phone: (443) 863-8189
Fax: (443) 378-5723
Email: cnieto@nietolawoffice.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of April, 2025, a copy of the foregoing Motion to Suppress Evidence was delivered electronically to Kim Hagan and Sarah Simpkins, Assistant United States Attorneys, Office of the United States Attorney, 36 South Charles Street, 4th Floor, Baltimore, Maryland 21201.

_____/s/_____
CHRISTOPHER C. NIETO
Attorney for Mr. Dorman